**MICHAEL J. WALKER**, OSB #055108
mwalker@pbswlaw.com
Parks Bauer Sime Winkler & Fernety LLP
570 Liberty Street S.E., Suite 200
Salem, Oregon  97301
Telephone: 503-371-3502
Fax: 503-371-0429
    Of Attorneys for Plaintiff State Farm Fire & Casualty Company

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(PORTLAND DIVISION)

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation, | Case No. 3:17-cv-282 |
| Plaintiff, | COMPLAINT FOR DECLARATORY RELIEF |
| vs. | Demand for Jury Trial |
| THE MCKALLIP TRUST, by and through its trustee DANIEL BUTLER; DANIEL BUTLER, in his individual capacity; CRAIG MCINTOSH, NAIMAH SHAHEED; and GRANT YOAKUM, as guardian ad litem for SSM, a minor | Claim to Exceed $75,000 |
| Defendants. | |

Plaintiff State Farm Fire and Casualty Company ("State Farm") alleges:

**PARTIES**

1.

State Farm is an insurance company organized under the laws of the State of Illinois.

State Farm is authorized to do business in the State of Oregon.

PAGE 1 – COMPLAINT FOR DECLARATORY RELIEF

2.

On information and belief, the McKallip Trust (hereafter "the Trust") is a validly formed trust that owns real property located at 2812 SE 115th Avenue in Portland, Multnomah County, Oregon (hereafter "the rental property").  On information and belief, Daniel Butler is the trustee of the Trust and resides in Portland, Multnomah County, Oregon.  On information and belief, Daniel Butler may be a co-owner of the rental property.

3.

On information and belief, Craig McIntosh, Naimah Shaheed, and SSM (hereafter referred to collectively as "the McIntosh- Shaheeds") are individuals residing in Portland, Multnomah County, Oregon.  On information and belief, SSM is a minor, and Grant Yoakum has been validly appointed as her guardian ad litem.

**VENUE AND JURISDICTION**

4.

This is an action for declaratory relief to determine State Farm's obligations under rental dwelling insurance policies issued to the Trust.  This Court has jurisdiction pursuant to 28 USC § 1332, because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Venue is proper under 28 USC §1391, because the policy were issued in Multnomah County, Oregon.  This Court has personal jurisdiction over defendants pursuant to FRCP 4(k)(1), ORCP 4A(1), and ORCP 4L.

**FACTS RELEVANT TO COVERAGE**

5.

At all times material, the Trust was the named insured under State Farm rental dwelling insurance policies, policy number 97-BX-F617-2 (hereafter "the policies").  The policies listed the rental property as the insured location.  True and correct copies of the certificates of coverage, declarations, endorsements, and policies are attached hereto as Exhibits 1 and 2.

/////

PAGE 2 – COMPLAINT FOR DECLARATORY RELIEF

6.

On or about September 9, 2016, the McIntosh- Shaheeds filed a lawsuit in Multnomah County Circuit Court.  Silver Shaheed McIntosh appeared in that action through her guardian ad litem Grant Yoakum.  The complaint named the Trust and Daniel Butler, in his capacity as trustee and in his individual capacity, as defendants.  A copy of the first amended complaint is attached as Exhibit 3.

7.

The first amended complaint generally alleged that, the soil at the rental property is contaminated with high concentrations of lead.  In May 2015, the Trust and Mr. Butler leased the rental property to the McIntosh- Shaheeds for residential use.  The McIntosh- Shaheeds then proceeded to live at the rental property and were exposed to the lead contaminated soil.  As a result, the McIntosh- Shaheeds developed lead poisoning and incurred bodily, mental, and/or cognitive injuries.  The McIntosh- Shaheeds' injuries allegedly are due to the fault or negligence of the Trust and Mr. Bulter.  In particular, the McIntosh- Shaheeds asserted claims against the Trust and Mr. Butler for violations of the Oregon Residential Landlord-Tenant Act, negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress.  The McIntosh- Shaheeds seek damages from the Trust and Mr. Butler in the sum of $1,700,000.00.

8.

The Trust and Mr. Butler tendered defense of the McIntosh- Shaheeds' action to State Farm and demanded indemnity from State Farm.  For the present time, State Farm has agreed to defend the Trust and Mr. Butler in the action under a full reservation of rights.

9.

Among other things, the policies contain provisions excluding coverage for injury arising out of exposure to pollutants at any premises owned by an insured.  All of the claims at issue in the McIntosh- Shaheed action pertain to and arise out of alleged exposure to pollutants at a premises owned by the Trust.  Consequently, State Farm owes the Trust and Mr. Butler no duty

PAGE 3 – COMPLAINT FOR DECLARATORY RELIEF

to defend or indemnify under the policies.

10.

Additionally, the policies contain provisions excluding coverage for injury intentionally inflicted by any insured.  Some of the claims asserted in the McIntosh- Shaheed action are based on injury intentionally inflicted by the Trust and/or Mr. Butler.  Consequently, State Farm owes the Trust and Mr. Butler no duty to indemnify against those claims under the policies.

11.

By reason of the adverse contentions of the parties, a justiciable controversy exists.

WHEREFORE, State Farm asks for judgment as follows:

(A)    For a declaration that State Farm owes no defense or indemnity duties to the Trust or Mr. Butler;

(B)    For State Farm's costs and disbursements incurred herein; and

(C)    For such further relief as the Court deems appropriate.

DATED this 17th day of February, 2017.

PARKS, BAUER, SIME, WINKLER & FERNETY

By:    /s/ Michael J. Walker
       MICHAEL J. WALKER, OSB No. 055108
       Of Attorneys for Plaintiff State Farm

PAGE 4 – COMPLAINT FOR DECLARATORY RELIEF